UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                    Case No. 1:21-cr-00865-WJ

  -vs-

**PERFINNA JEAN KING,**

        Defendant.

## ORDER DENYING OPPOSED MOTION FOR RELEASE FROM DETENTION

      **THIS MATTER** is before the Court on defendant Perfinna Jean King's Motion for Release from Detention, filed on November 3, 2021.  Doc. 27.  The government opposes Mr. King's motion.  Doc. 28.  Mr. King did not file a reply to the government's response.  *See* Doc. 29.  For the following reasons, the Court DENIES Mr. King's motion.

      On June 23, 2021, a federal grand jury returned an indictment against Mr. King, accusing him in four counts of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and in one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Doc. 2.  Mr. King was taken into federal custody in Colorado on or about August 3, 2021.  *See* Doc. 5 at 6.  Mr. King waived his right to a detention hearing in Colorado and elected instead to have his hearing in New Mexico.  *See id.* at 5.  On August 17, 2021, the Court held a detention hearing.  *See* Doc. 14.  The Court detained Mr. King, finding by clear and convincing evidence that he was a danger to the community.  Doc. 16. The Court based its findings on Mr. King's criminal history, his history of violence or use of weapons, his history of alcohol or substance abuse, his prior attempts to evade law enforcement,

and his prior violations of probation, parole, or supervised release. *Id.* at 2–3. The Court was particularly concerned that Mr. King's criminal history showed that he had longstanding substance abuse issues, and that he became combative and violent toward others when he was drinking and/or using drugs. *Id.* at 3. Mr. King appealed the Court's detention order, and the district judge affirmed the order of detention. Docs. 17, 25.

Mr. King now asks the Court essentially to reconsider its order of detention or reopen the detention hearing because Mr. King is transitioning to living as a man and, he says, he is not getting adequate medical treatment in the facility to make that transition successfully. *See* Doc. 27 at 2–3. He also alleges that his grandmother's health is deteriorating, and that no one else in his family is willing or able to care for her. *Id.* at 3. The government counters by arguing that Mr. King has not met the standard for reconsidering or reopening the detention hearing, and that the relevant factors still favor Mr. King's continued detention. *See* Doc. 28. In addition, the government asserts that Mr. King's grandmother is a likely witness, that Mr. King was living with his grandmother when he committed the offenses alleged in this case, and that the alleged victims live near Mr. King's grandmother. *See id.* at 5.

First, Mr. King has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. King has made no argument that the Court misapprehended anything at the original detention hearing, or that the

Court clearly erred in detaining Mr. King, or that release is required to prevent manifest injustice. *See* Doc. 27.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. King] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). In his motion, Mr. King argues that his medical treatment while in custody and his grandmother's deteriorating health constitute new information that warrants reopening the detention hearing. *See* Doc. 27 at 2–3. But this information does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2). The health care that Mr. King is receiving in the detention facility and the ill-health of Mr. King's grandmother does not change the Court's conclusion, by clear and convincing evidence, that Mr. King is a danger to the community. Mr. King was transitioning before the events alleged in the indictment, and his grandmother was elderly then too, but neither of those things stopped him engaging in apparently assaultive conduct. And his criminal history, unfortunately, shows that this conduct was not an aberration.

This is not to say, however, that the Court is not concerned about Mr. King's physical well-being and whether he is receiving adequate medical care. The Court encourages counsel for Mr. King to work with the USMS and the facility to make sure that Mr. King receives the care he needs.

**IT IS THEREFORE ORDERED** that defendant Perfinna Jean King's opposed Motion for Release from Detention (Doc. 27) is denied.

DATED this 30th day of November 2021

_____
Laura Fashing
United States Magistrate Judge