UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                      Case No. 1:21-cr-00865-DHU

  -vs-

PERFINNA JEAN KING,

        Defendant.

## ORDER DENYING SECOND MOTION FOR RELEASE FROM DETENTION

**THIS MATTER** is before the Court on defendant Perfinna Jean King's Second Motion for Release from Detention, filed on January 31, 2022.[1] Doc. 33. The government opposes Mr. King's motion. Doc. 36. Mr. King did not file a reply to the government's response. *See* Doc. 37. The Court held a hearing on Mr. King's motion on April 1, 2022. See Doc. 42. For the following reasons and for the reasons stated at the hearing, the Court DENIES Mr. King's motion.

On June 23, 2021, a federal grand jury returned an indictment against Mr. King, accusing him in four counts of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and in one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 2. Mr. King was taken into federal custody in

---

[1] Although this motion was filed on January 31, 2022, I did not become aware of it until late March 2022. The motion was not forwarded to me until late March and likely was overlooked because of the reassignment of this case from Chief Judge Johnson to Judge Urias on February 10, 2022. Attorneys are encouraged to call the Clerk's Office for Magistrate Judge criminal matters to inquire about pending motions if they are not decided promptly. The Court apologizes for the delay in ruling on this motion

Colorado on or about August 3, 2021.  *See* Doc. 5 at 6.  Mr. King waived his right to a detention hearing in Colorado and elected instead to have his hearing in New Mexico.  *See id.* at 5.  On August 17, 2021, the Court held a detention hearing.  *See* Doc. 14.  The Court detained Mr. King, finding by clear and convincing evidence that he was a danger to the community.  Doc. 16.  The Court based its findings on Mr. King's criminal history, his history of violence or use of weapons, his history of alcohol or substance abuse, his prior attempts to evade law enforcement, and his prior violations of probation, parole, or supervised release.  *Id.* at 2–3.  The Court was particularly concerned that Mr. King's criminal history showed that he had longstanding substance abuse issues, and that he became combative and violent toward others when he was drinking and/or using drugs.  *Id.* at 3.  Mr. King appealed the Court's detention order, and the district judge affirmed the order of detention.  Docs. 17, 25.

      Mr. King then asked the Court to reconsider its order of detention or reopen the detention hearing because Mr. King is transitioning to living as a man and, he claimed that the detention facility was not providing adequate medical treatment to make that transition successfully.  *See* Doc. 27 at 2–3.  He also alleged that his grandmother's health was deteriorating, and that no one else in his family was willing or able to care for her.  *Id.* at 3.  The government opposed Mr. King's motion, *see* Doc. 28, and the Court denied it, *see* Doc. 30.  The Court denied the motion because Mr. King's medical treatment and his grandmother's deteriorating health did not have "a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *See id.* at 3 (quoting 18 U.S.C. § 3142(f)(2)).  In making this ruling, the Court observed that Mr. King's transition to living as a man and his grandmother's ill health did not prevent him from "engaging in apparently assaultive conduct."  *See id.*

Mr. King now argues that the Court's reference to his "apparently assaultive conduct" suggests that the Court was relying on the strength of the government's case in making its earlier rulings, and that new evidence shows that the government's case is not as strong as believed at the original detention hearing. *See* Doc. 33 at 2. He argues that the victim of the crime alleged in Count 1 was unable to identify Mr. King in a photo lineup, and that the victim described the perpetrator in ways that are inconsistent with Mr. King's appearance. *See id.* at 2–3. He also says that the events in Counts 3, 4, and 5 are alleged to have taken place on October 17, 2020, in San Juan County, and that "[u]pon information and belief, Mr. King was in Albuquerque, NM on October 17, 2020." *Id.* at 3–4. The United States responds that there is no basis for reconsidering detention, and that although the identification evidence with respect to Count 1 "had some issues," there is no probative evidence showing that the government's evidence on Counts 3, 4, and 5 is any weaker than it was before. *See* Doc. 36 at 3–6, 7. The United States further argues that the Court's detention order was based primarily on Mr. King's criminal history, his substance abuse issues, and his history of violent behavior—not the strength of the government's case. *See id.* at 6–8. The Court agrees with the United States.

First, Mr. King again has not provided the Court with a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. King has made no argument that the Court misapprehended anything at the original detention hearing,

3

or that the Court clearly erred in detaining Mr. King, or that release is required to prevent manifest injustice.  *See* Doc. 33.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. King] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Mr. King argues that because the strength of the evidence on Count 1 is weaker than was apparent at the detention hearing, the Court should reopen the detention hearing and reconsider all the relevant factors.  Even if this were correct, however, Mr. King's "new evidence" relating to the strength of the case only goes to one count of a five-count indictment.  This "new evidence" does not have a material bearing on whether Mr. King is a danger to the community, and it does not undermine the strength of the evidence on Counts 2 through 5.  Further, the Court did not rely on the weight of the evidence in its original detention order, and any weakness in the government's case on Count 1 does not undermine the Court's original conclusion, by clear and convincing evidence, that Mr. King is a danger to the community.  *See* Doc. 16 at 2–3.

**IT IS THEREFORE ORDERED** that defendant Perfinna Jean King's opposed Second Motion for Release from Detention (Doc. 33) is denied.

DATED this 8th day of April 2022

_____
Laura Fashing
United States Magistrate Judge